EDWARD W. HOOPER & another, executors, *vs.* EDWARD S. BRADFORD.

Suffolk. December 5, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

The tax imposed on collateral legacies by St. 1891, c. 425 is to be assessed on the value of the testator's property at the time of his death, and not upon its value at the time of distribution.

The tax imposed on collateral legacies by St. 1891, c. 425 cannot be assessed on income derived from a testator's estate after his death.

PETITION to the Probate Court by the executors under the will of Edward Austin, late of Boston, for instructions as to the payment to the treasurer of the Commonwealth of taxes upon certain collateral legacies under St. 1891, c. 425.

The following facts were agreed: Two hundred shares of the stock of the Calumet and Hecla Mining Company owned by Edward Austin at the time of his death had a market value of $120,000 on November 16, 1898, the date of his death, and on April 24, 1899, the date of the distribution of a portion of his personal estate, including the said shares, made in accordance with an agreement of compromise entered into concerning his estate, they had a market value of $170,000; and the increase in the value of the entire personal estate left by him and distributed between those dates was something more than $70,000.

It was also agreed that the income derived from the testator's estate between the same dates was about $30,000.

In the Probate Court *Grant,* J., made the following decree: "First. That the legacy tax is to be assessed on the value of the property as of the time of the testator's death. Second. That no tax is to be assessed upon the income which has accrued on the estate of the testator since his death."

From this decree the respondent appealed, and at the request of counsel the case was reserved by *Barker,* J., for the consideration of the full court.

*A. W. DeGoosh,* Assistant Attorney General, for the respondent.

*John Chipman Gray,* for the residuary legatees.

HOLMES, C. J. This is a petition for instructions under St. 1891, c. 425, and comes here by appeal from the Probate Court. *Callahan* v. *Woodbridge,* 171 Mass. 595. The question raised and argued is whether for the purposes of the collateral inheritance tax imposed by that statute the property is to be valued as of the date of the testator's death or as of some later moment. The testator, Mr. Edward Austin, left a considerable amount of Calumet and Hecla mining stock, which rose largely in value between November 16, 1898, the date of his death, and April 24, 1899, when the stock was distributed. Between the same dates income of about $60,000 had accrued to the estate. The treasurer of the Commonwealth claims a tax on the value of the stock at the later date, and also on the income then accrued.

A decision could be made either way without contradicting the express words of the act, or, possibly, even any very clear implication. But such indications as there are seem to us to converge toward the conclusion that the valuation is to be as of the day of the death. The language of the first section "All property . . . which shall pass by will . . . or by deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor . . . shall be subject to a tax of five per centum of its value," naturally would be construed to mean value at the time when the property passes. Such has been the construction adopted elsewhere, although under acts no doubt more explicit than ours. *Attorney General v. Sefton,* 11 H. L. Cas. 257, 269, 271, 275, 276. *Matter of Westurn,* 152 N. Y. 93, 102. So *a fortiori* upon the view of the nature of the tax expressed in *United States* v. *Perkins,* 163 U. S. 625, 628, 629. The time when the property passes under a deed is not later than the death of the grantor. The same is true in the case of a will. It is true that in the latter instance the interest of a legatee is subject to an account, but still it is an interest in the fund as it is, analogous to that of a *cestui que trust,* and vests at the death of the testator. *Mechanics' Savings Bank* v. *Waite,* 150 Mass. 234. On this ground it is that other courts have held that income accruing after the testator's death is not liable to the tax. *Williamson's estate,* 153 Penn. St. 508, 521. As stated by the counsel for the legatees, it is not a part of the property which passes by the will.

Turning now to the later sections, by § 9 an inventory is to be filed within three months under a penalty, and by § 10 a copy of the inventory, or of the inventory of such part as is subject to the tax, "with the appraisal thereof," is to be sent by the register to the treasurer. Plainly this provision contemplates a tax on the appraised value if satisfactory to the treasurer, that is to say, a tax on a valuation that cannot be more than three months later than the testator's death, if not made as of precisely the day on which he died. So the provision in § 2 appraising within three months a life estate or term not taxable, when the remainder or reversion is subject to the tax, looks to a scheme of valuation as of a date earlier than the distribution. So the general provision in § 13 for an appraisal of the property "at its actual market value"

although it does not fix a time at which the value is to be taken no doubt permits an appraisal at any time, and expects one before two years if at all, yet it makes the valuation binding on both parties. See also *Commonwealth* v. *Freedley*, 21 Penn. St. 33.

It is argued that if the valuation is to be as of the date of the death, then expenses of administration, *Callahan* v. *Woodbridge*, 171 Mass. 595, and the United States legacy tax, *Hooper* v. *Shaw*, 176 Mass. 190, should not be deducted, and an expression in the latter case which certainly was not intended to convey any such idea is laid hold of as tending to fix the time when the legatee actually gets the property as the time of valuation. It is enough to say that *Callahan* v. *Woodbridge* implies that the value of $10,000 in the exempting clause is to be taken as of the testator's death, deducting debts alone, although the tax is to be paid only on the amount which the legatee or successor actually would get but for the tax. A few considerations of detail might be added, but we think that what we have said is enough to justify the decree of the Probate Court.

*Decree of Probate Court affirmed.*