CHARLES M. RICE, executor, & another *vs.* EDWARD
S. BRADFORD.

Worcester.   January 3, 1902. — February 28, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Tax,* Exemption.  *Bowdoin College.*

The property of Bowdoin College is not exempt from taxation by the laws of this
Commonwealth and therefore is subject to the tax on collateral inheritances
and successions imposed by St. 1891, c. 425.

BILL FOR INSTRUCTIONS by the executor of the will of Alice
M. Rice, late of Worcester, alleging that the will contained a
bequest of $25,000 to the President and Trustees of Bowdoin
College in the State of Maine, a corporation created by the Com-
monwealth of Massachusetts by act of June 24, 1794, and that
the corporation is an educational and charitable institution which
should be exempt from taxation under St. 1891, c. 425, alleging
also that the plaintiff by the will was directed to pay all legacy
or succession taxes so that each legatee should receive the gross
amount of the bequest, filed in the Probate Court for the county
of Worcester April 30, 1901.

The answer of the treasurer of the Commonwealth alleged
that he claimed the tax as due. The answer of the Worcester

Society for District Nursing, one of the residuary legatees named in the will, alleged the same exemption of the property of Bowdoin College as set forth in the bill.

In the Probate Court, *Forbes,* J. made a decree, that the legacy of $25,000 to the President and Trustees of Bowdoin College in the State of Maine was subject to a collateral inheritance tax under the provisions of St. 1891, c. 425, and amendments thereto. The plaintiff and the Worcester Society for District Nursing appealed.

.The case came on to be heard by *Loring,* J., who reserved the question raised by the bill and the appeals for the consideration of the full court.

*C. M. Rice & T. H. Gage, Jr.,* for the plaintiffs.

*A. W. De Goosh,* Assistant Attorney General, for the defendant.

KNOWLTON, J. The testatrix left a will by which she gave a legacy to " the President and trustees of Bowdoin College, in the State of Maine . . . to form a memorial fund . . ., the income of which may be expended for the college uses as the trustees may decide." The question before us is whether this legacy is exempt from taxation under the St. 1891, c. 425, § 1, which exempts legacies " to or for charitable, educational or religious societies or institutions, the property of which is exempt by law from taxation." Bowdoin College is an educational and charitable institution. But this exemption is confined to societies or institutions whose property is exempt from taxation by the laws of this Commonwealth. *Minot* v. *Winthrop,* 162 Mass. 113, 126. The appellant rests his argument upon the fact that Maine was once a part of Massachusetts and that this college was established by an act of the Legislature of this Commonwealth, namely, by the St. 1794, c. 16. But there is nothing in this statute which exempts the property of the college from taxation.

Maine became a separate and independent State under the St. 1819, c. 36. The property of Bowdoin College is not exempt from taxation under this statute. In the seventh of the terms and conditions expressed in the statute, it is provided that the " president and trustees, and the overseers of said college, shall have, hold and enjoy their powers and privileges in all respects," etc. They had no powers and privileges which exempted the general property of the college from taxation. There is also a

provision in this statute that "all lands heretofore granted by this Commonwealth to any religious, literary, or eleemosynary corporation or society, shall be free from taxation, while the same continues to be owned by such corporation or society." This is not a general exemption from taxation such as is referred to in the St. 1891, c. 425, § 1. It implies that the general property of such corporations and societies was not exempt from taxation under any continuing statute, and this was the fact. Then and for many years the Legislature of Massachusetts had been accustomed to pass an annual tax act prescribing taxation throughout the Commonwealth and exempting the property of Bowdoin College and other similar educational institutions. Each of these acts was to be in effect for a year only, and this corporation was subject to taxation upon its general property in use immediately after the formation of the State of Maine, except as the new State, by its legislation, exempted it. At no time since then has this college been exempt from taxation under any law of Massachusetts. It follows that it is not within the exemption relied on by the appellant.

*Decree affirmed.*