(39 Misc. Rep. 123.)

### In re LISS' ESTATE.

(Surrogate's Court, Kings County.　October, 1902.)

**1. TRANSFER TAX—APPRAISAL—PROPERTY SUBJECT.**
　　In proceedings to determine the value of an estate for purposes of appraisal under the transfer tax act it is proper first to deduct as an expense of the administration the reasonable cost of a burial lot and the cost of fencing and sodding the same.

**2. SAME.**
　　In appraisal of the value of an estate for the purposes of the transfer tax, taxes on the real estate, due and payable before decedent's death, should be first deducted.

In the matter of the estate of August Liss, deceased.　Appeal from order assessing the transfer tax.　Appeal sustained.

Deyo, Duer & Bauerdorf, for executors.

Robert B. Bach, for comptroller of state of New York and district attorney of Kings county.

CHURCH, S.　The executors appeal herein from an order fixing a transfer tax upon the estate of the deceased, claiming that said estate was not subject to the tax.　The appraiser has fixed the net market value of the residuary estate at the sum of $10,351, and has refused to deduct from this figure the following items:

| | | |
|---|---:|---:|
| Cost of burial plot | $ 470 | 00 |
| Fencing burial plot | 200 | 00 |
| Sodding | 35 | 00 |
| Taxes on real estate, due October, 1901, previous to decedent's death.. | 712 | 88 |
| Making a total of | $1,417 | 88 |

If these items had been allowed, the net value of the estate would have been less than $10,000, and would, therefore, have been exempt from the tax under section 221 of the transfer tax law.　Considering the items of the burial plot and the fencing and improvement of the same as one item, it seems clear that this amount should be deducted as an expense of the estate.　The reasonable funeral expenses of the decedent are entitled to priority of payment over even debts of the deceased.　A debt or an expense of administration will not be considered in estimating the amount of the tax.　"The amount represented by the expenditures of the administrator or the expenses of administration never passes to the legatee or next of kin, and therefore is not subject to tax."　In re Gihon's Estate, 169 N. Y. 443, 62 N. E. 561. Of course, if the funeral expenses are manifestly improper, so that on the accounting of an executor or administrator the executor or administrator would not be permitted to charge for the same, the mere fact that the executor has expended that amount is not sufficient to justify this deduction, but, if it is a reasonable expense, then it should be deducted.　The sole question, therefore, for consideration is whether the expenditure for this burial plot and the improvements to the same is a reasonable one, considering the condition and nature of the decedent's estate.　There is no proof whatever showing that any of these items could be procured for any less sum than that stated by the

administrator, and when we consider the amount of real and personal property left by the decedent, and his station in life, it seems that this amount is very reasonable and appropriate, and therefore should be deducted. The deduction of this amount would be sufficient to sustain the appeal, but, as the question of law raised in connection with the taxes is one of some importance, I will consider that branch of the appeal, so that it may act as a precedent in the fixing of the transfer tax in similar cases. It appears to be conceded that the item paid for taxes was actually levied, due, owing, and capable of payment at the time of the decedent's death. It was, therefore, the duty of the executors to pay these taxes, and, if they had willfully neglected to pay the same, they would be justly subject to censure. In re Babcock, 115 N. Y. 450, 22 N. E. 263; Smith v. Cornell, 111 N. Y. 554, 19 N. E. 271. If the executors were bound to pay and did pay these taxes, then the personal estate was depreciated by this amount, and therefore did not pass to the next of kin, and, consequently, is not subject to the tax. In the case of Krueger v. Schlinger, 19 Misc. Rep. 221, 43 N. Y. Supp. 305, Judge Gaynor held that an executor who had paid taxes levied upon real estate previous to the decedent's death was entitled, upon a sale in partition, to reimbursement therefor from the proceeds of the sale. The question there for consideration was manifestly different from the situation of the case at bar, and was not made in consideration of the condition of the transfer tax act, and therefore any expression which might be used as applying to this should not be regarded as controlling. In Re Maresi's Estate, 74 App. Div. 76, 77 N. Y. Supp. 76, the court held that taxes which were not assessed, nor a lien, nor payable at the time of decedent's death, could not be deducted in fixing the value of the estate for the purposes of the transfer tax act. The fact that the court based this decision upon the fact that the taxes were not payable at the time of the decedent's death would seem to indicate that, if they were payable at the time of the decedent's death, and had been in fact paid by the executors, then they could be deducted in ascertaining the value of the estate under the transfer tax act. Certainly there is nothing in the opinion to indicate any intention to interfere with the decision in the Babcock Case, above quoted. I shall therefore hold that taxes which are a lien, and payable at the time of a decedent's death, should be deducted from the value of the estate in order to ascertain its net value in proceedings under the transfer tax act. The appeal is therefore sustained.

    Appeal sustained.