WALLACE L. PIERCE & others, executors & trustees, *vs.* ELMER A. STEVENS.

Suffolk.    January 18, 1910. — February 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ

*Tax*, On inheritances, Exemption.    *Charity.*

Under R. L. c. 15, § 1, as amended by St. 1905, c. 470, and St. 1906, c. 436, defining the kinds of property which are subject to a legacy and succession tax, a legacy to the trustees under a will for the maintenance of a free Latin school for the education of youths in a certain province of the Empire of Turkey is not exempt from the tax, although the trustees are authorized by the terms of the legacy to form a corporation to maintain such a school if it seems wise to them to do so, and after the death of the testator exercise this authority by forming a charitable corporation under R. L. c. 125, for the purpose of carrying out this

clause of the will.  Whether a legacy for the same purpose would be exempt from the tax if made to a charitable corporation in existence in this Commonwealth at the time of the death of the testator, here was not considered.

KNOWLTON, C. J.   This is a bill for instructions, brought in the Probate Court by trustees appointed under the will of Michael Anagnostopoulos.   The question is whether the property passing under the residuary clause of this will is subject to an inheritance tax under the R. L. c. 15, § 1, as amended by the St. 1905, c. 470, and the St. 1906, c. 436.   This residuary clause is as follows: " All the rest, residue and remainder of the estate, both real, and personal and wheresoever situated, of which I shall die seised or possessed or to which I shall be at the time of my decease in any way entitled, I give, devise and bequeath to my Trustees hereinafter named and their heirs and assigns forever; but in trust, nevertheless, to manage, invest and reinvest the same, changing investments from time to time as shall seem to them proper, and one sixth part of the net income thereof to pay in semiannual payments to the Board of Managers of the Kallineian Free Schools for Girls at said Papingon for the period of ten years after my decease, and the remaining five-sixths of the net income thereof during said period of ten years to apply in such manner as they shall see fit to the maintenance of a Latin School to be of the highest grade possible under the circumstances and as far as possible similar to the best German 'Gymnasia,' to be entirely a free school for the education of youths without distinction of race, creed, colour or social condition, to be located either at Konitza or in Janina, or in some other town of the Province of Epiros west of Janina.

" At the expiration of ten years after my decease I direct that one sixth part of the capital of said trust fund shall go to the Board of Managers of the Kallineian Free Schools for Girls at said Papingon, and that the remaining five-sixths of said capital shall be applied in such manner as my Trustees shall deem best to the permanent establishment and maintenance of such Latin School as is hereinbefore described, and in making such application of the income and principal of said trust fund for the maintenance of such Latin School, I give to my said Trustees and to whoever shall be Trustees under this my will full power and authority to adopt such method as shall seem to them best

suited for the purpose, by payment of said income and capital to any person or persons or corporation, to be held by him, them or it and applied for the purpose herein indicated, or otherwise, and I authorize the Trustees under this my will to form a corporation to maintain such school if it shall seem wise to them so to do. And I direct that the receipt of such person or persons or corporation for all sums of money so paid to it or them by my Trustees and for all property delivered to it or them by my Trustees shall be a complete discharge to my Trustees, and that thereafter my Trustees shall be under no further liability to account for the same or to see to the application thereof."

The trustees have caused a corporation to be formed under the R. L. c. 125, for the purpose of carrying this clause of the will into effect. It was decided by the Probate Court that the one sixth part of the residue of the estate which is given in trust for the board of managers of the Kallineian Free Schools for Girls at Papingon is subject to the tax, and that the remaining five sixths of the estate is not subject to the tax. From the decree relative to the one sixth part no appeal was taken. But from the decree relative to the five sixths part the treasurer and receiver general of the Commonwealth appealed to the Supreme Judicial Court. The case was reported by a single justice [*] to the full court. The question is whether this gift is within either of the exemptions created by the statute. These are three in number. The first is of gifts "to or for the use of charitable, educational or religious societies or institutions, the property of which is by law exempt from taxation"; the second is of property given "to a trustee or trustees for public charitable purposes within the Commonwealth"; and the third is of property given "to or for the use of a city or town for public purposes." R. L. c. 15, § 1. The public charitable purposes for which each of these gifts was made are not within the Commonwealth, but in a distant foreign country, and it is not contended that the gifts are within either of the last two exemptions. It is contended by the corporation that it is a charitable and educational institution whose property is by law exempt from taxation, and that therefore no tax can be collected upon the

---

[*] *Braley,* J.

property that passed to it from the trustees under the will. If the corporation had been in existence when the will took effect, and if the will had passed the property from the testator's estate directly to it, there would be strong ground for its contention. The right of the Commonwealth to its tax, as well as the rights of others claiming under the testator's will, vested at the time of his death. *Hooper* v. *Bradford*, 178 Mass. 95. When the will took effect, the property in question vested in the trustees immediately. The question whether it is subject to the tax is to be determined upon the conditions then existing. In this respect the case is like *Codman* v. *Brigham*, 187 Mass. 309, 312, 313, in which the court said, " The trust is for charitable uses, and the instrument creates, from the death of the testator, a public charity. . . . This charitable trust comes into existence immediately on the probate of the will, and it comprises all the rest and residue of the estate, except so much as is needed to make the payments called for in the seven provisions above referred to. Not only the legal but the equitable estate vests immediately, the legal estate in the trustees, and the equitable in that part of the public which is to be benefited. . . .

" It is provided that the fund shall be held and accumulated for twenty-five years before it shall be put to active use for the relief of the suffering. . . .

" These and other provisions, in regard to the management of the property, the payments from the income of the sums due the annuitants, the establishment of a corporation, and the transfer of the property to the corporation, are all mere details of administration which the testator saw fit to prescribe, and which do not affect the general character of the charitable gift, or the nature of the title created by the clause in question. Nothing passes directly to the corporation under the will. It takes through a conveyance from the trustees, made in the execution of their trust. *Ould* v. *Washington Hospital for Foundlings*, 95 U. S. 303, 312. *Jones* v. *Habersham*, 107 U. S. 174. *Crerar* v. *Williams*, 145 Ill. 625, 648. The corporation is simply a part of the machinery to be provided by the trustees, the better to execute the charitable purpose of the testator. If for any reason it should be impossible to establish such a corporation, the gift would not fail, but the court would apply the doctrine of *cy pres*,

and provide some other method of administering the charity to accomplish substantially the same result. *Darcy* v. *Kelley*, 153 Mass. 433, 437. *Weeks* v. *Hobson*, 150 Mass. 377. *Amory* v. *Attorney General*, 179 Mass. 89, and cases above cited."

In the present case there was no requirement that a corporation should be formed. The testator merely gave the trustees full power and authority to adopt such method as should seem to them best suited to the purpose of administering the trust. They might.or might not form a corporation, and if they formed one, the receipts of the corporation were to be a protection and discharge for all sums of money paid. over to it. There is no ground for a contention that the property did not vest in the trustees upon the death of the testator, so that it became subject to the tax. There is no ground for a contention that, by electing to form a charitable corporation under the laws of Massachusetts, instead of forming a corporation in some other State or country, or not forming a corporation at all, they could relieve the property from liability to taxation, or affect the rights of the Commonwealth in any way. *Kingsbury* v. *Chapin*, 196 Mass. 533, 538. The liability to pay taxes was not upon a passing of the property from the testator to the corporation; but upon the gift of it from him to the trustees, for the benefit of children in Turkey. This gift took effect absolutely upon his death.

The case of *Balch* v. *Shaw*, 174 Mass. 144, relied on by the corporation, was very different. In that there was a deed of trust for the payment of certain annuities during the lifetime of the settlor and the payment of one annuity after her death, with a provision that on her decease the balance of the property should be disposed of for charitable purposes, in such a way as should be determined by a board of seven members nominated in the deed, who were to be called the Board of the J. W. Randall Fund. This board determined that a charitable corporation should be organized under the laws of Massachusetts, and that the property should be turned over to it for charitable uses. The decision of the court was put upon the ground that there was no gift of the fund to any one, within the intent of the act, until this board decided what should be done with it, and that then the gift was to the corporation directly. The court said: " This board had merely a power of appointment, and until such ap-

pointment was made and acted on there was no gift to any one within the intent of the act. When the appointment was made, the effect was the same as if the name of the corporation had been written in the deed as the donee. *Emmons* v. *Shaw*, 171 Mass. 410."

The decision in *In re* Graves, 171 N. Y. 40, is founded upon a statute of New York, intended to relieve testators from previous decisions of the courts adverse to the creation of charitable trusts, and to provide a way in which such trusts can be administered by the courts. See *Allen* v. *Stevens*, 161 N. Y. 122. It has no application to a case like the present, under the laws of this Commonwealth.

> *Decree of Probate Court reversed; entire residue subject to tax.*

*H. Wheeler*, for the plaintiffs.

*D. Malone*, Attorney General, & *F. T. Field*, Assistant Attorney General, for the defendant.