---

## In re VIVANTI'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. TAXATION (§ 866*)—TRANSFER TAX—REALTY—PERPETUAL LEASE.

A perpetual lease of property, reserving rent, is real property, so that a transfer tax cannot be imposed thereon as personalty.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 38*) — ACCOUNTING — ASSETS — GOOD WILL IN FIRM.

The good will of decedent's interest in a business is an asset of the estate in the hands of the executor, so as to be chargeable to him on his accounting.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 38.*]

3. TAXATION (§ 895*)—ASSESSMENT—DETERMINATION OF VALUE—GOOD WILL OF BUSINESS—AGREEMENT OF COPARTNERS.

The value of decedent's interest in the good will of a business in which he was a partner will be determined, for the purpose of imposing a transfer tax thereon, by an agreement between decedent and his copartner, by which the latter was to pay a certain sum for decedent's interest in the good will on his death.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 895.*]

4. TAXATION (§ 895*)—TRANSFER TAX—ASSESSMENT—TIME OF DETERMINING VALUE.

In determining the value of decedent's interest in the good will of a business in which he was a partner, so as to impose a transfer tax thereon, the value of the good will at the time of decedent's death should be taken.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1718; Dec. Dig. § 895.*]

Appeal from Order of Surrogate, New York County.

Proceedings to determine the amount of transfer tax upon the estate of Ferruccio A. Vivanti, deceased. From an order of the surrogate (63 Misc. Rep. 618, 118 N. Y. Supp. 680), modifying a previous order confirming the appraiser's report and fixing the amount of the transfer tax, an appeal was taken. Reversed, and remanded for further proceedings.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Thomas B. Casey, for appellant.
W. M. Rosebault, for respondent.

DOWLING, J. This appeal from the order of the surrogate determining the amount of the tax to be imposed upon the decedent's estate is taken upon two grounds: (1) That certain property located at Yokohama, Japan, was, in contemplation of law, personal property, and therefore taxable; and (2) that the value of the interest of decedent in the good will of the firm of Vivanti Bros. was erroneously fixed at $25,374, which was less than its real value.

As to the first objection, it would seem clear, upon all the testimony, that the premises in question were held by decedent under a perpetual lease, reserving rent, and that under the law of Japan, as well as under our own, the interest of the decedent therein was real property, and not personal.

As to the second question, it would appear that an erroneous rule was followed in fixing the value of decedent's interests in the good will of the business. It is well settled that the good will of a business is an asset of the estate in the hands of an executor, chargeable against him on his accounting. While its precise value may be difficult of ascer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tainment in any way short of actual value, in this case the parties them-- selves have furnished by their agreement the rule by which that value can be determined. Under his original agreement with Tegner, the surviving partner was to pay, in case of the retirement or death of the senior partner (Vivanti), to him or to such person as he might by will or deed appoint, a sum equal to one-third of the annual profits of the business, each year for 10 years, in payment for his interest in the good will of the firm of Vivanti Bros. When William Greenbaum was admitted to the firm, he bound himself to pay for the senior partner's interest in good will the same sum in like annual payments to Vivanti, or in case of his death to his wife, and on her decease to a third person. After the death of Vivanti, when Greenbaum was sole surviving partner, he made a written agreement with Vivanti's widow, whereby he bound himself to pay for the rights of Vivanti in the good will of the business, instead of the one-third originally provided, 12½ per cent. of the net profits for the first year, beginning July 1, 1906, and 15 per cent. for every year thereafter until the period of 10 years had expired, or until the death of the widow. It appears that the latter's expectancy of life is more than the period limited.

The appraiser arrived at the value of the good will by averaging the profits of the business for the four years preceding decedent's death, taking 15 per cent. of that amount, and multiplying it by 10, giving a total of $59,088.21. The learned surrogate fixed the value at the amount of Vivanti's share of the profits of the business for the year immediately preceding his death. For this computation there seems to be no authority. The amount fixed by agreement of the parties must determine the value. But an error has been made in the computation for the percentage for the first year should be only 12½ per cent. instead of 15 per cent., and what is to be determined is the value of the good will as of the time of decedent's death; that is, it would not in any event be $59,088.21, but the present value of such a sum payable in 10 annual installments.

The order appealed from must therefore be reversed, without costs, and the matter remitted to the Surrogate's Court for further action in accordance with this determination. All concur.