[S. F. No. 5307. In Bank.—February 14, 1911.]

In the Matter of the Estate of JOHN R. HITE, Deceased.
MERCANTILE TRUST COMPANY OF SAN FRAN-
CISCO, Administrator with the Will Annexed of the
Estate of John R. Hite Deceased, et al., Appellants, v.
JOHN McDOUGALD, Treasurer of the City and County
of San Francisco, Respondent.

ESTATE OF DECEASED PERSONS.—INHERITANCE TAX—PROPERTY MISAP-
PROPRIATED BY EXECUTOR.—In determining the valuation of. the
property of an estate which passed under a will to a residuary
legatee, for the purpose of fixing the amount of the inheritance tax
due under the Inheritance Tax Act of 1905 (Stats. 1905, p. 341), the
value of property which so passed to such legatee, but which by
reason of its misappropriation by the executor was lost to the estate,
is properly included.

ID.—PROPERTY SUBJECT TO TAX—TIME OF DEATH DETERMINES.—The
question whether property is subject to the tax is to be determined
on the conditions existing at the time of death, and the tax is to be
assessed on the value of the property at that time. Subsequent ap-
preciation or depreciation is immaterial.

ID.—TAX ACCRUES AT TIME OF DEATH.—The right of the state to the tax
accrues at the moment of death, and is measured as to any beneficiary
by the value at that time of such property as then actually passes
to him.

ID.—RESIDUARY ESTATE VESTS AT DEATH OF TESTATOR.—While the ex-
tent of the residuary estate cannot be definitely ascertained until
the final accounting of the executor, it vests in the residuary legatee
at the instant of the death of the testator.

ID.—TAX ON MISAPPROPRIATED RESIDUARY ESTATE—DEDUCTION FROM
REMAINING RESIDUUM.—The administrator with the will annexed,
who succeeded the executor making the misappropriation, is ex-
pressly authorized and obligated by the Inheritance Tax Act, to
deduct the tax on the value of the residuary estate misappropriated
from the other property in its hands constituting part of the resi-
duum of the estate and belonging under the provisions of the will to
the residuary legatee.

APPEAL from an order of the Superior Court of the City
and County of San Francisco fixing the amount of an inheri-
tance tax. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, and Titus & Creed, for Appellants.

Hartley F. Peart, and U. S. Webb, Attorney-General, for Respondent.

THE COURT.—This is an appeal from an order fixing the amount of inheritance tax due under the Inheritance Tax Act (Stats. 1905, p. 341) from the various beneficiaries under the will of deceased. The appeal is by residuary legatees and by the administrator with the will annexed. The lower court in fixing the amount of tax included in the valuation of the estate upon which the tax should be computed the sum of $98,991.10 left by the deceased, which had never come into the possession of the administrator with the will annexed, but which, according to the showing made by the record, had been appropriated to his own use within a year of his appointment by the executor of the will of deceased. By reason of such misappropriation, the executor having been without bonds or other security, and being impecunious and insolvent, the whole of said sum was lost to said estate, as was found by the lower court. By the order of the lower court the tax on this amount was imposed wholly on the residuary legatees. The correctness of the court's action in so including the $98,991.10 in computing the tax and in assessing the same against the residuary legatees is practically the only question presented by this appeal.

The exact question thus presented has apparently never before arisen in this or any other state. It was held by this court in *Estate of Kennedy*, 157 Cal. 517, [108 Pac. 280], that property lawfully diverted in due course of administration from the beneficiaries under the will of a deceased or the law of succession, for the payment of expenses of administration, and the debts of decedent, and in making such provision as is authorized by law for the support of the family of decedent, including property exempt from execution set apart to the family and also a homestead so set apart, does not pass by will or by the intestate laws of the state within the meaning of our inheritance tax law, and is, therefore, not to be included in fixing the tax to be paid by the beneficiaries. The basis of this conclusion was that the property given by will or devolving under the law of succession passes to the devisee, legatee, or

heir at the death of the deceased *subject to these burdens,* and that so much thereof as is lawfully diverted from the beneficiary under the will or the law of succession in due course of administration never does actually pass to him. It was held, in accord with the general current of authority in states having a substantially similar statute to ours, that "the provisions of our tax act clearly show that the tax imposed thereby is one solely upon the devisee, legatee, or heir, and one upon him only as to such property as he actually takes on distribution as devisee, legatee, or heir." The rule applied was that stated in *Estate of Gihon,* 169 N. Y. 443, [62 N. E. 561], as follows: "The collateral inheritance tax does not attach to the very articles of property of which the deceased died possessed. It is imposed only on what remains for distribution after expenses of administration, debts and rightful claims of third parties are paid or provided for. It is on the net successions to the beneficiaries." While the tax imposed by the act is not a tax on property as such, but a tax upon one for the privilege of succeeding to property, the amount of the tax as to any beneficiary is to be determined according to the value of the "net succession,"—that is, the value of such property as remains for him after the satisfaction of such charges and burdens as may lawfully be satisfied in due course of administration. It is only such property that can be properly said to actually pass to the beneficiary.

This is the full extent of the ruling in the Kennedy case. It appears to us to be the full extent of the rule in the various cases cited in the opinion in that case, and also in the cases relied on by learned counsel for appellants here. No decision has been cited or found by us that appears to authorize the conclusion that property illegally diverted by an executor or administrator and thus lost to the beneficiary has not passed to the beneficiary within the meaning of the act, or that the value of such property so diverted may be deducted in fixing the amount of the tax. The distinction between such a condition and the condition existing in the Kennedy case and analogous cases is very clear, and to our minds it requires the inclusion of the value of the property so illegally diverted in the determination of the amount of tax. In the cases referred to we have as it were a taking upon condition, the condition being that if any of the property is necessary for debts of deceased,

expenses of administration, etc., the same shall be used for such purposes and shall not go to the beneficiary, and the property so lawfully diverted therefore *never passes to the beneficiary.* But the condition covers only such property as is *lawfully* diverted in due course of administration, and subject only to this condition the property passes to the beneficiary at the moment of death of the testator or intestate. While the extent of the residuary estate cannot be definitely ascertained until the final accounting of the executor or administrator, it vests in the beneficiaries at the instant of death. (See *In re Graves's Estate,* 242 Ill. 212, [89 N. E. 978] ; *Pierce* v. *Stevens,* 205 Mass. 219, [91 N. E. 319] ; Civ. Code, sec. 1341.) And the question whether property is subject to the tax is to be determined on the conditions existing at the time of death. *(Pierce* v. *Stevens,* 205 Mass. 219, [91 N. E. 319].) It is thoroughly settled that the tax is to be assessed on the value of the property at the time of the death of the testator or intestate, and that subsequent appreciation or depreciation in value is immaterial. (See *Hooper* v. *Bradford,* 178 Mass. 95, [59 N. E. 678] ; *In re Van Pelt's Estate,* 63 Misc. 616, [118 N. Y. Supp. 655] ; *In re Vivanti's Estate,* 122 N. Y. Supp. 954, 138 App. Div. 281; *In re Sanford's Estate,* 66 Misc. 395, [123 N. Y. Supp. 284].) The right of the state to the tax accrues at the moment of death, and is measured as to any beneficiary by the value at that time of such property as then actually passes to him. [We can perceive no warrant in the Inheritance Tax Act for holding that the destruction or loss of a part of the property before the actual delivery of possession to the beneficiary can affect the question of amount of tax, any more than would a material depreciation in its value affect it. ]The state is in no way legally responsible for any act of an executor or administrator causing such loss or destruction, and the beneficiary's loss in such a case is simply the character of loss that accrues to any owner of property that is lost or destroyed. In the case of the ordinary tax on property it would not be claimed that the loss or destruction of the property after the tax had accrued, but before its collection, would affect the taxpayer's liability. There is no material difference between such a case and the case at bar. The residuary legatees here are seeking to take under the will of deceased all the residue of his property after the payment of

debts, expenses of administration, and other legacies. We have here no question of the effect of a renunciation of a legacy. The residuary legatees are enforcing the provisions of the will in their favor. Under that will the residue of the estate vested in them at the instant of death of their testator, and the amount of succession tax which they are required to pay must be determined upon the conditions existing at that time.

So far as we can see, there is nothing in the authorities opposed to the conclusion that the $98,991.10 should be included for the purpose of determining the tax. In the Kennedy case the language used in the opinion impliedly limited the non-inclusion of property diverted in course of administration to such property as was lawfully diverted, and this is apparently true of all the other cases involving a similar question. In a few of the cases we find the term "distributable assets" or "what remains for distribution," but when such terms are used the connection clearly implies that the surplus over lawful diversion is meant. Property not lawfully diverted does actually pass at the death. In the *Estate of Liss,* 39 Misc. 123, [78 N. Y. Supp. 969], where the question of deducting reasonable funeral expenses was presented and decided in favor of the deduction, the court said: "Of course, if the funeral expenses are manifestly improper, so that in the accounting of an executor or administrator the executor or administrator would not be permitted to charge for the same, the mere fact that the executor or administrator has expended that amount is not sufficient to authorize this deduction, but, if it is a reasonable expense, then it should be deducted." In the same case, considering the question of the deduction of certain taxes on the property of the estate, it was said: "If the executors were bound to pay and did pay these taxes, then the personal estate was depreciated by this amount, and therefore did not pass to the next of kin, and, consequently, is not subject to the tax." These statements are in line with our conclusion. What was said in *Estate of Roosevelt,* 143 N. Y. 120, [38 N. E. 281, 35 L. R. A. 695], about it not being assumed that the legislature intended the citizen to pay a tax upon an interest he may never receive was said with reference to a purely contingent estate, one that might never vest. The claim sustained in *Vanderbilt* v. *Eidman,* 196 U. S. 480, [25 Sup. Ct. 331, 49 L. Ed. 563], was simply that the Federal Inheritance Tax Act

did not make subject to taxation a gift which, even if technically vested in title, was yet subject to be defeated in possession or enjoyment by the happening of a contingency stated in the will, and that as to such a gift no tax could be imposed until the time when, by the happening of the contingency stated, the right to possess or enjoy had accrued. Whenever property actually vests in the beneficiary under the terms of a will, he *receives* it within the meaning of those decisions which declare that the amount of the tax is measured by the sum or property received by the legatee.

We see no force in the claim of the administrator with the will annexed that it cannot deduct the tax so far as the $98,991.10 is concerned from the other property in its hands which constitutes part of the *residuum* of the estate and belongs under the provisions of the will to the residuary legatees. The residuary legatees are bound to pay as a condition to receiving possession of the residue of the estate, a succession tax determined on the basis hereinbefore stated, and the administrator with the will annexed is expressly authorized and obligated to deduct the whole tax of any such legatee from the property in its possession belonging to him under the residuary clause of the will.

The case is doubtless a hard one on its facts so far as the residuary legatees are concerned. The amounts that will actually come into their hands already heavily depleted by the large shortage of the executor, are still further depleted by the deduction from the remainder of the amount of the tax on the portion unlawfully diverted. But our conclusion appears to us to be the only logical one under the provisions of our inheritance tax law.

The order appealed from is affirmed.

Beatty, C. J., did not participate in the foregoing opinion.