HENRY C. DAVIS, executor, *vs.* TREASURER AND RECEIVER GENERAL.

Middlesex.    December 9, 1910. — March 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Tax,* On inheritances and successions.    *Statute,* Construction.

The limitation of the exemption from the imposition of a succession tax upon bequests to " a city or town for public purposes " to bequests for such purposes to " a city or town within this Commonwealth," which existed before the enactment of St. 1909, c. 527, § 1, was not changed by that statute, which is merely declaratory of the previous statutes on the subject.

LORING, J.    By her last will Mary E. Elliott gave to the town of Hopkinton in the State of New Hampshire the residue of her property as a perpetual fund to be invested by a board of three trustees (thereinafter named), the income to be expended under their direction and at their discretion " in conjunction with the almoners of the town, in aid of the worthy poor of American parentage, residents of the town of Hopkinton." The testatrix died on November 23, 1908, leaving personal property within this Commonwealth which passed under this residuary clause, and the question to be decided is whether it is subject to an inheritance tax under our statutes.

If the testatrix had died seven months later the question would have been answered by St. 1909, c. 527, § 1, which took effect on its passage June 19, 1909.    That section provides (1) that the exemption of gifts to " charitable, educational or religious societies or institutions, the property of which is exempt by law from taxation," shall be to such societies or institutions " the property of which is by the laws of this Commonwealth exempt from taxation "; (2) that the exemption of gifts to charitable purposes shall be an exemption of gifts to " charities to be

carried out within this Commonwealth"; and (3) that the exemption of bequests to "a city or town for public purposes" shall be an exemption to "a city or town within this Commonwealth for public purposes."

The question which we have to decide is whether this statute (St. 1909, c. 527, § 1) is declaratory of the previous statutes or whether it made a change in them.

We are of opinion that it was declaratory and that it did not make a change in the previous statutes.

The only one of these three exemptions found in the original acts, St. 1891, c. 425 (which was limited to duties upon collateral inheritances), was an exemption of gifts "to or for charitable, educational or religious societies or institutions, the property of which is exempt by law from taxation." It was held in the first case which arose under that act (*Minot* v. *Winthrop*, 162 Mass. 113) that this exemption did not apply to a bequest to a church in New York. It was there said (at p. 126) that this exemption "is confined to societies the property of which is exempt from taxation by the laws of this Commonwealth." To the same effect see *Balch* v. *Shaw*, 174 Mass. 144; *Rice* v. *Bradford*, 180 Mass. 545; *Pierce* v. *Stevens*, 205 Mass. 219.

The exemption of "bequests to towns for any public purpose" was added by St. 1895, c. 307.

It was decided in *Hooper* v. *Shaw*, 176 Mass. 190, that a gift for charitable uses was not exempt. This was changed by St. 1906, c. 436. The new exemption in terms was limited to gifts "to a trustee or trustees for public charitable purposes within the Commonwealth."

Apart from any change which may have been made by the wording used in the re-enactment of the original acts, there can be no question as to the extent of these exemptions. Before the re-enactment of any of the original acts the exemption of gifts to "charitable, educational or religious societies or institutions, the property of which is exempt by law from taxation" had been held by the court to be confined to such societies or institutions the property of which was exempt from taxation by the laws of this Commonwealth. The act which created the exemption of gifts for charitable uses had in terms confined it to gifts "to a trustee or trustees for public charitable purposes within

the Commonwealth." The only exemption which had not been thus limited by the court or by the Legislature was that of " bequests to a city or town for any public purpose," added by St. 1895, c. 307. When this act of 1895, c. 307, was passed, the decision in *Minot* v. *Winthrop* was a recent one (having been made late in the previous year), and it is fair to presume that the Legislature had that in mind in not expressly limiting the new exemption to a city or town within this Commonwealth. And there is an additional reason why it should have been thought not to be necessary to state in terms that the exemption of a gift to a city or town for public purposes was confined to a city or town within the Commonwealth. That reason is to be found in the fact that the ground for exemption of property from taxation is the benefit that accrues to the public from the use of that which is exempted. See *Opinion of the Justices*, 195 Mass. 607, 609; *In re Prime*, 136 N. Y. 347, 362; *Carter* v. *Whitcomb*, 74 N. H. 482. The contention that originally it was intended by St. 1895, c. 307, to exempt gifts to cities or towns outside the Commonwealth would have been a hopeless one.

As we have said it is plain that all three exemptions as they severally arose were restricted to the Commonwealth. The only basis for the argument made here by the petitioner lies in the fact that these exemptions have not in terms been so limited in the several re-enactments of the original acts.

When the Revised Laws were enacted the exemption of charitable uses did not exist. The other two exemptions were reenacted in the words of the original statutes. The exemption made in St. 1891, c. 425, of gifts to charitable, educational and religious societies had been construed by the court and the reenactment of that exemption in the wording of the original act carried with it the construction which had been given to it by the court.

The next re-enactment was in the direct inheritance tax act, St. 1907, c. 563, § 1. At this time the third exemption (of charitable uses, St. 1906, c. 436) had been made. In the direct inheritance tax act the wording of the Revised Laws was followed not only as to the two exemptions there provided for but also as to the new exemption of charitable uses (made by St. 1906, c. 436). In this way the express limitation put into St. 1906,

c. 436 (as to charitable uses) dropped out. The fact that these words of express limitation of that exemption dropped out cannot be taken to signify that a change of construction was intended. The same is true of the act to codify and amend the laws relating to taxation (St. 1909, c. 490). Here again the original phraseology was followed. See Part IV. § 1. But by the subsequent act of the Legislature which we already have referred to (St. 1909, c. 527, § 1), it was expressly enacted that all three exemptions should be confined to this Commonwealth. The curious part of St. 1909, c. 527, which we now hold to be a declaratory act, is that although it is an act subsequent to the codifying act (St. 1909, c. 490,) it amends not the codifying act but one of the earlier acts re-enacted in the codifying act. The explanation is that the later act went into effect on its passage, June 19, 1909, while the codifying act (which was passed on June 12) did not. The matter is further expressly dealt with in St. 1909, c. 490, Part IV. § 27.

The result is that the decree of the Probate Court must be affirmed.

*So ordered.*

The case was submitted on briefs.

*J. A. Halloran,* for the appellant.

*D. Malone,* Attorney General, *& F. T. Field,* Assistant Attorney General, for the appellee.