CHARLES R. BATT & others, executors, *vs.* TREASURER AND RECEIVER GENERAL & others.

Suffolk.    March 16, 1911. — June 20, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Bowdoin College.    Tax,* Exemption, On successions and inheritances.    *Charity.*

*Rice* v. *Bradford,* 180 Mass. 545, holding that property of Bowdoin College was subject to the tax on successions and inheritances imposed by St. 1891, c. 425, necessarily decided that that college was not an institution "incorporated within this Commonwealth" within the meaning of that phrase as used in Rev. Sts. c. 7, § 5, cl. 2, afterwards re-enacted in successive statutes and embodied in R. L. c. 15, § 1.

*It seems,* that, if the question, whether property of Bowdoin College is exempt from taxation by the laws of this Commonwealth, were an open one, instead of having been settled adversely to the college, this court would hold that, although the college was incorporated by this Commonwealth before St. 1819, c. 36, called the Separation Act, and its charter cannot be modified or changed by the State of Maine, nevertheless after the passage of that act it ceased to be an institution incorporated within this Commonwealth within the meaning of Rev. Sts. c. 7, § 5, cl. 2, and its subsequent re-enactments.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk on June 13, 1910, by the executors of the will of John C. Coombs, late of Boston, for instructions as to whether the bequest of the remainder of a residuary trust fund, which was given to Bowdoin College in the State of Maine, was subject to pay a succession and inheritance tax under St. 1891, c. 425, R. L. c. 15, § 1, it having been agreed that, if the property was subject to such tax, the amount to be paid to the treasurer of the Commonwealth would be $4,900.    The bill alleged that at the time of the death of the testator Bowdoin College was an educational, literary, benevolent, charitable, scientific, and religious institution incorporated within this Commonwealth by a charter

enacted on June 24, 1794, St. 1794, c. 12, expressly confirmed and continued in full force by St. of 1819, c. 36, known as the Separation Act, and recognized and amended by resolves of June 12, 1820, and April 23, 1891.

In the Probate Court *Grant,* J., upon the authority of *Rice* v. *Bradford,* 180 Mass. 545, ruled that under the provisions of R. L. c. 15, § 1, the legacy was subject to the tax claimed by the treasurer of the Commonwealth, and made a decree to that effect.    The executors, Bowdoin College, and Viola V. Coombs, of Bowdoinham in the State of Maine, who was a sister of the testator and a legatee, appealed.

The appeal came on to be heard before *Hammond,* J., who with the consent of the parties reserved it for determination by the full court.

*E. P. Payson,* for the executors, stated the case.

*F. T. Field,* Assistant Attorney General, for the Treasurer and Receiver General.

*W. P. Thompson,* for Bowdoin College.

MORTON, J.    We do not see why, notwithstanding the elaborate arguments that have been addressed to us by the executors and by Bowdoin College, the case of *Rice* v. *Bradford,* 180 Mass. 545, is not decisive of the case at bar.

It is true that Bowdoin College was not a party to that suit and that the effect of the words " incorporated within this Commonwealth " in R. L. c. 12, § 5, cl. 3, was not the subject of extended examination in the opinion that was rendered.    But the case itself involved the precise question now presented, namely, whether a legacy, given by a resident of this State to the President and Fellows of Bowdoin College in the State of Maine, was exempt from taxation under St. 1891, c. 425, now embodied in R. L. c. 15.    The case was a bill for instructions by the executor of the will, and the bill alleged that Bowdoin College was a corporation created by this Commonwealth, by the act of June 24, 1794, and that it was an educational and charitable institution which should be exempt from taxation under St. 1891, c. 425.    The treasurer and receiver general answered alleging that a tax was due and the court so held.    Manifestly, if the college was an institution incorporated within this Commonwealth within the meaning of the statute, the legacy was exempt

from taxation, otherwise not, and it necessarily must have been decided in that case, in order to render the legacy taxable, that the college was not an institution incorporated within this Commonwealth within the meaning of the statute. If the question were an open one we should have no doubt that the legacy in question was subject to a tax, and that although the college was incorporated by this Commonwealth before the passage of the Separation Act, so called (St. 1819, c. 36), and its charter cannot be modified or changed by the State of Maine, nevertheless after the passage of the act it ceased to be an institution incorporated within this Commonwealth within the meaning of Rev. Sts. c. 7, § 5, cl. 2, and its subsequent re-enactments. It is not necessary however to go into the consideration of the question now, and what we have said is more for the purpose of preventing a possible implication that if it were not for the case of *Rice* v. *Bradford, supra,* there might have been some doubt about the validity of the tax.

*Decree affirmed.*