In Re JAHN'S ESTATE

STATE, Appellant, v. WARKENTHIEN, Administrator, Respondent.

(271 N. W. 903.)

(File No. 7938. Opinion filed March 15, 1937)

*Walter Conway,* Atty. Gen., and *Herman L. Bode,* Asst. Atty. Gen., for the State.

*Dunham & Dunham,* of Clark, for Respondent.

ROBERTS, J. January 21, 1929, August J. W. Jahn died, intestate. The estate having been in process of administration for six years, during which time the administrator did not serve and file an inheritance tax report and inventory, the director of taxation instituted proceeding in the county court for the purpose of

securing a determination of the inheritance tax due the State. The court found the value of the estate to be $13,473.53 and determined the amount of the tax due thereon to be $187.10. An appeal was taken to the circuit court of Clark county, and the only question before the court was whether the value of the estate was to be determined for inheritance tax purposes as of the date of the death of decedent or as of the time of appraisal. It was stipulated that the value of the property owned by decedent at the time of his death was $40,033.53; that the difference in this appraisal and that made by the county court on October 14, 1935, was due to the decline in the market value of real estate. The circuit court held that the inheritance tax was properly computed by the county court, and the State has appealed.

An inheritance tax is in the nature of an excise or privilege tax. It is not a tax upon property, but on the privilege of succeeding to or inheriting the property of a deceased person. The nature of the tax has been fully considered in prior decisions of this court. In re McKennan's Estate, 25 S. D. 369, 126 N. W. 611, 33 L. R. A. (N. S.) 606; Id., 27 S. D. 136, 130 N. W. 33, 33 L. R. A. (N. S.) 620, Ann. Cas. 1913D, 745. The valuation of the taxable interest and the fixing of the tax necessarily takes place subsequent to death, but, since inheritance taxes are imposed upon the succession rather than the property, the interest transferred is to be valued, unless the statute specifies otherwise, as of the date of the death of decedent, without regard to any subsequent increase or decrease in value. Ross on Inheritance Taxation § 259; Matter of Penfold's Estate, 216 N. Y. 163, 110 N. E. 497, Ann. Cas. 1916A, 783; Hanberg v. Morgan, 263 Ill. 616, 105 N. E. 720; Hooper v. Bradford, 178 Mass. 95, 59 N. E. 678; State v. Pabst, 139 Wis. 561, 121 N. W. 351; In re Ferguson's Estate, 113 Wash. 598, 194 P. 771, 13 A. L. R. 122; In re Hite's Estate, 159 Cal. 392, 113 P. 1072, 32 L. R. A. (N. S.) 1167, Ann. Cas. 1912C, 1014; see also annotations in 13 A. L. R. 127 and 86 A. L. R. 1030. Since the value of the privilege depends directly upon the value of the property transmitted, the fact that the amount of the tax is determined by an appraisal of the property does not transform the tax into a tax on property. Kingsbury v. Chapin, 196 Mass. 533, 82 N. E. 700, 13 Ann. Cas. 738.

■ After the provision that the tax shall be imposed on the transfer of a decedent's property under a will, intestate law, or upon a grant or gift made in contemplation of death, section 6827, Rev. Code 1919, declares that the tax shall be imposed when persons or corporations become "beneficially entitled in possession or expectancy to any property or the income thereof." By section 6836, Rev. Code 1919, a report and inventory is required to be filed within thirty days after the appointment and qualification of an executor or administrator, and by section 6828, Rev. Code 1919, the tax becomes and remains a lien upon the property passed or transferred until paid. Section 6829, Rev. Code 1919, declares that the tax shall be computed "upon the true and full market value in money" of the inheritance in excess of exemptions. All inheritance taxes, unless otherwise provided in the act, are due and payable under the provisions of section 6834, Rev. Code 1919, as soon as the amount thereof shall be determined. When property is transferred in trust and the rights of the transferees are susceptible of present valuation, the tax as provided in section 6842, Rev. Code 1919, shall be paid at the same time and in like amount as would be the case if the beneficiaries received the same directly. If a tax is not paid within one year after its accrual, interest under the provisions of section 6854, Rev. Code 1919, accrues from the date of the death of decedent unless there has been necessary litigation or other unavoidable cause for delay in the settlement of the estate and the ascertainment of the tax. The word "transfer" as provided in section 6869, Rev. Code 1919, includes the passing of property or any interest thereon, in possession or enjoyment, present or future.

If, as we have already stated, the tax is upon the right to receive, the value at the time of the devolution of the property, which is the death of transferor (In re Guider's Estate, 63 S. D. 495, 260 N. W. 828), offers a proper basis for determination of the tax, and we are convinced that the statutory provisions referred to contemplate that the appraisal be so made and the tax fixed according to the value of the property as of the date of decedent's death and that the tax shall remain a lien on the property transferred until paid. The decisions of other courts construing similar laws support this conclusion. State v. Pabst, supra; In re Merrill's Will, 212

Wis. 15, 248 N. W. 909; People v. Upson, 338 Ill. 145, 170 N. E. 276; Matter of Terry's Estate, 218 N. Y. 218, 112 N. E. 931. If resort to the rule of contemporaneous construction were necessary, it would be found in the fact that since the enactment of an inheritance tax statute in this state in 1905 officers charged with its administration have given the statute the construction which we have placed upon it.

■ The following language of section 6869, Rev. Code 1919, is emphasized by respondent administrator as sustaining his contention: "The words 'true and full value in money' and the word 'value,' when used in this chapter, shall be construed to mean the usual cash selling price at the place where the property to which the term is applied shall be at the time of determining its value." This language, viewed in the light of its immediate context, lends support to contention of counsel that the time as of which the value of an estate is to be determined is the date of the appraisal. But such meaning is not consonant with the other provisions of the act. The plain purpose of the inheritance tax law is to impose a tax upon a transfer of the estate of a deceased person to another, and the statute construed in its entirety indicates an intention that the value of the property at the time of death be used as the basis upon which to compute the tax. The inheritance tax statute used the expression "true and full value in money" and also the word "value," In arriving at the "true and full value in money" under the definition in section 6869, the court must be guided by the usual cash selling price. The language in the statute relied upon has no application to fixing the time as of which the usual cash selling price is to be determined. It merely speaks of the time as of which the value of the property is to be determined and not the time when the proceedings are had in making the appraisal.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

SMITH, J., not sitting.