In the Matter of Taxation under the Transfer Tax Acts of Property Belonging to the Estate of NICHOLAS BALLEIS, Deceased.

The provision of the Transfer Tax Act (§ 2, chap. 399, Laws of 1892), exempting from the operation of the act "any property hereafter devised or bequeathed * * * to any religious corporation," applies only to domestic corporations of the character specified.

Where, therefore, B., by his will, divided his residuary estate among certain religious corporations of other states, *held*, that they were not exempted from taxation under said act.

Reported below, 78 Hun, 275.

(Submitted November 26, 1894; decided December 11, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1894, which affirmed an order of the Surrogate's Court of Kings county imposing a tax upon the transfer of certain property under the will of Nicholas Balleis, deceased.

The facts, so far as material, are stated in the opinion.

*John R. Kuhn, D. W. Perkins, James McKeen* and *Hamilton Wallis* for appellants. The act in question plainly indicates the intention of the legislature to extend the exemption to property devised or bequeathed to foreign religious corporations. (Laws of 1892, chaps. 169, 399, § 25 ; Laws of 1890, chap. 553; *In re Enston*, 113 N. Y. 178.

*James W. Ridgway* and *Robert B. Bach*, for respondent. These institutions are foreign corporations, and it must be presumed that the act of 1892, chapter 399, which exempts "any property heretofore or hereafter devised or bequeathed * * * to any religious corporation shall be exempted from and not subject to the provisions of this act," refers only to domestic corporations, in the absence of any expressed intention to include foreign corporations. (Laws of 1890, chap. 553 ; Laws of 1892, chap. 399 ; *In re Prime*, 136 N. Y. 350.)

GRAY, J.   By his will the testator divided his residuary estate among certain religious corporations, organized and existing under the laws of other states, and it is contended for them that they are exempted from taxation under the provisions of chapter 399 of the Laws of 1892.   The act of 1892 is entitled " An act in relation to taxable transfers of property " and constitutes what is referred to, in common parlance, as the Collateral Inheritance Tax Law.   The exemption is claimed by these appellants to be found in the concluding clause of the second section ; which reads thus :  " But any property heretofore or hereafter devised or bequeathed to any person who is a bishop, or to any religious corporation, shall be exempted from and not subject to the provisions of this act." By an act previously passed, in 1890 (Chap. 553 of Session Laws), an exemption from taxation upon personalty was declared in favor of religious corporations and it was therein, also, provided that the provisions of chapter 483 of the Laws of 1885, (which first imposed a tax upon the succession to property by will, or by the intestate laws of the state), and of the amendatory acts, " shall not apply thereto, nor to any gifts to any such corporation by grant, bequest or otherwise." Whether this act applied to religious corporations created by the laws of other states was the subject of our consideration in the case of *The Estate of Prime* (136 N. Y. 350) and we held that its application could only be to corporations created by the laws of this state.   The authority of that case is indisputable and Chief Judge ANDREWS, who delivered the opinion of the court, discussed the question with such attention as to render it unnecessary to resume the discussion upon the present appeal.   It was there said that " a statute of a state granting powers and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the state and over which it has the power of visitation and control.   *   *   *   The legislature in such cases is dealing with its own creations, whose rights and obligations it may limit, define and control."   It is attempted to distinguish the *Prime* case from the one before us, upon the

ground that the act of 1890 related only to domestic charitable and religious corporations and was conferring especial privileges upon them; among which was that of certain relief from taxation. The argument appears to be that as that act was not repealed, and as domestic corporations remained exempted thereunder, the act of 1892 must, logically, be deemed to have reference, in its grant of exemption from taxation, to foreign religious corporations, which had not been exempted by force of prior legislation. But the answer to the argument is plain, I think. Chapter 399 of the Laws of 1892 in question was enacted as a general act in relation to the taxation of transfers of property from a decedent, by will, or by the intestate laws, or by gift in contemplation of the death of the donor. It was intended as the general law of the state upon the subject and its exemption of "any property * * * devised or bequeathed * * * to any religious corporation" should receive the same construction, as a similar provision in a prior act had received. The prior act was, undoubtedly, concerned with the grant of privileges to domestic corporations; but the act of 1892 was legislating with respect to subjects within the jurisdiction of the state and the provision modifying the legislation, as it affected certain corporations, must be considered in the light of an exercise of the sovereign power within territorial limits. In creating this particular plan for the taxation of all property transferred to others upon, or in contemplation of, the death of its owner, the declaration of an exemption in favor of religious corporations, even though it might already exist under previous legislation, was a wise, if a superfluous, provision. To say that it was intended to include foreign religious corporations, would be to imply the grant of a privilege by the legislature, without sufficient indications of an intention so contrary to ordinary state policy and to usual statutory presumptions. This we should not do. The legislation in question dealt with property within the state and imposed a tax, in certain cases, upon its transfer to other persons, or to corporations. In proceeding, thereupon, to confer the privilege of an exemption from its

provisions, in the case of any religious corporation, the legis-
lature must be deemed to have in mind those corporations
which were the creation of the state and not those in which
it had no interest and over which it had no control. As Judge
ANDREWS further observed, in the *Prime* case, "It is not the
proper function of a state to go outside of its own limits and
devote its resources to support the cause of religious educa-
tion, or missions for the benefit of mankind at large." It is our
opinion that the correct and the natural construction of this
provision of the act of 1892 is to confine its operation to relig-
ious corporations created by the state.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.