(33 App. Div. 307.)

## In re PALMER'S ESTATE.

(Supreme Court, Appellate Division, First Department.   October 7, 1898.)

TRANSFER TAX—BEQUESTS TO BISHOP.

Under Laws 1892, c. 399 (Transfer Tax Law), exempting from taxation bequests to a person who is a bishop, a bequest to a bishop is not taxable, as being to a corporation sole, by reason of the bequest being in trust for eleemosynary purposes.

Appeal from surrogate's court, New York county.

On the appraisal of the property of Sarah A. L. Palmer, deceased, a transfer tax was imposed on a bequest to Joseph C. Hartzell; and, from an order of the surrogate affirming the order imposing the tax, the legatee appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Lemuel Skidmore, for appellant.

E. R. Olcott, for respondent comptroller of city of New York.

RUMSEY, J.   Mrs. Sarah A. L. Palmer died on the 25th of April, 1896, and her will and codicils were admitted to probate by the surrogate of the county of New York, of which she was a resident, on the 18th of August, 1896.   Among the bequests contained in them was one of three-sixths of the residue of her estate, "to Bishop William Taylor, or his living successor, to be used in his African mission work."   The sum thus bequeathed amounted to $28,438.99, upon which a tax was imposed of $1,421.95, pursuant to the provisions of the "Collateral Inheritance Tax," so called.   From the order imposing that tax, this appeal is taken.

The statute by which the tax was imposed is chapter 399 of the Laws of 1892.   That statute was amended in the month of May, 1896, but the amendment took effect after Mrs. Palmer's death, and therefore the rights of the parties are to be determined by the condition of the law before the amendment was made.   As the law stood at the time of Mrs. Palmer's death, a tax was imposed upon legacies to persons not relatives of 5 per cent. upon the value of any legacy bequeathed; but the statute exempted from the tax "any property heretofore or hereafter devised or bequeathed to any person who is a bishop, or to any religious corporation."   Before the death of Mrs. Palmer, Bishop William Taylor died, and it is conceded that the appellant, Joseph C. Hartzell, is his living successor, and is a bishop, and is entitled to this legacy.   He claimed before the surrogate that he was exempt from the tax, because of the fact that he was a bishop.   This claim was resisted by the comptroller, and overruled by the surrogate, who imposed the inheritance tax upon his

legacy.   The statute is plain:   Any property bequeathed to any
person who is a bishop is exempted from, and not subject to, the tax
imposed by chapter 399 of the Laws of 1892.   The appellant is
clearly within that act, as literally construed.

The respondent, however, seeks to take this legacy to the appellant
out of the exemption, for the reason that the appellant is not a
domestic bishop; by which, as we understand it, he means that, al-
though he is a bishop, he is a resident of New Jersey, and not a
resident of the state of New York.   He contends, in the first place,
that the legacy to Bishop Hartzell was not a personal gift to him,
but was in trust to be used for certain eleemosynary purposes.   He
argues from this that Bishop Hartzell took this in his ecclesiastical
and official capacity, and that as to this legacy he stands as a cor-
poration sole, and not as a person.   Relying upon this proposition,
he insists that this exemption is within the rule laid down by the
court of appeals in Re Balleis' Estate, 144 N. Y. 132, 38 N. E.
1007, in which it is held that an exemption from this tax, of prop-
erty bequeathed to any religious corporation, only applies to religious
corporations created by and existing in the state of New York.   But
we think that this case is not within either the reasoning or the
reason of the rule laid down by the court of appeals in the case
just cited.   The court of appeals said in that case that the "statute
granting powers and privileges to corporations must, in the absence
of plain indications to the contrary, be held to apply only to cor-
porations created by the state, and over which it has the power of
visitation and control.   The legislature in such cases is dealing with
its own creations, whose rights and obligations it may define, limit,
and control."   But that reasoning does not apply to the case at
bar.   The office of bishop, by virtue of which this legacy descended
to Bishop Hartzell, is not created by the state; nor does the state
have any power of visitation or control over the person who holds
it, nor any power of direction over the manner in which he shall
perform his duties.   So far as the state is concerned, the office of
bishop is a mere status, giving no rights and imposing no legal lia-
bility upon the possessor of it, and the designation of one as a bishop
is of no more legal importance than as though he were designated
as a doctor of medicine or a married man.   For that reason the case
in the court of appeals just cited is not applicable.

Nor do we agree with the claim of the respondent that Hartzell
is to be regarded as a corporation sole, within any rules of law,
by reason of which the case in the court of appeals cited above
could be made applicable, or that this legacy is anything more than
a mere personal gift to one who occupies a certain position.   The
state does not recognize the existence of any ecclesiastical office,
the result of which is to give to the holders of it the right of per-
petual succession, or any other right similar to those which are
enjoyed by corporations.   The recognition of any such corporate
rights arising out of the holding of an ecclesiastical office is entirely
at variance with our legal notions, and no such rights can exist un-
less they are created by statute.   The statute gives no such rights
to one because he holds the office of a bishop.   Any designation

of a person by that name is legally a mere descriptio personæ, and whatever rights are given to him thereby are mere personal rights, which are to be enjoyed by him in his personal capacity, and used by him according to the form of the gift, precisely as though they were given to any one else who, in law, is a private person. The fundamental proposition, therefore, of the respondent in this case, fails; and for that reason, as well as for the reason given above, we think that the legacy to Bishop Hartzell was within the exemption of the statute, and that the surrogate erred in imposing an inheritance tax upon it.

The order of the surrogate must therefore be reversed, with costs. All concur, except INGRAHAM, J., not voting.