## LAMBERT, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1578. Decided Jan. 25, 1940

Thomas J. Herbert, Attorney General, Columbus and W. H. Middleton, Jr., Waverly, for Department of Taxation, Appellant.

Webb Clark, Dayton, for County Auditor of Montgomery County, and for Appellant.

Allaman, Funkhouser & Murr, Dayton, for The Bonebrake Theological Seminary, Appellee.

Elliff, Miller & Patterson, Dayton, for Estate of George Lambert, deceased. Appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal by the Department of Taxation of the State of Ohio from a judgment of the Common Pleas Court affirming the action of the Probate Court in its order granting an exemption to The Bonebrake Theological Seminary from the payment of inheritance tax on a succession passing to the said seminary under Item 4 of the will of George Lambert, deceased.

The facts are not in dispute.

The Bonebrake Theological Seminary of Dayton, Ohio, successor to the Union Biblical Seminary, is made up of two schools, the Graduate School of Theology and the Diploma School of Theology. The seminary is operated under the direction of the Conference of the Church of the United Brethren in Christ and may be said to be founded upon the creed of that denomination. In all there are 95 courses offered to students of the Seminary. In the Graduate School one must have an A. B. degree to enter. In the Diploma School a high school education or its equivalent is requisite to matriculation.

The subjects taught are either essentially religious or of kindred character. It may be said that the prin-

cipal purpose of the Seminary is the preparation of young men for the ministry of the United Brethren Church, although, it appears that throughout the years students of practically all denominations, at least one Jew, and many persons desiring only to better equip themselves for some form of religious training service have attended the Seminary. The teachers in the school are not restricted to one denomination. The institution is open to anyone of good character who meets the scholastic requirements. The school is maintained by endowments, contribution from the United Brethren Church, some minor contributions from other sources and incidental fees of $10.00 a term and $2.00 library fee from each student. The $10.00 fee is but nominal and is used for heating and lighting of class rooms and janitorial service. The purpose of the library fee is obvious. Students are drawn from all parts of the United States and from foreign countries.

It is the claim of the Tax Commission that by virtue of §5334 GC the succession which the Seminary takes from the Lambert will is subject to an inheritance tax. The Seminary asserts that it is exempt from such tax. The Seminary having asserted its exemption sustains the burden of proof. Both the Probate Court originally and the Common Pleas Court on review supported the contention of the Seminary.

Sec. 5334 GC, insofar as pertinent to the question presented, reads:

"The succession to any property passing to or for the use of * * * public institutions of learning within this state, * * *, or to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state, shall not be subject to the provisions of the preceding sections of this sub-division of this chapter."

The Seminary asserts that it is a "public institution of learning within this state" and that the succession passing to it is "for the use of an institution for purposes only of public charity carried on in whole or in substantial part within this state". If it comes within either of these classifications it is exempt. We do not have the opinion of the Probate Judge but have been favored with the decision of Judge Cecil in reviewing the order of the Probate Court.

It is the claim of the appellant that the Seminary "is a denominational or sectarian institution limited in its activities to the education of ministers of the Gospel in the United Brethren in Christ Church of the United States and is to or for the use of a specific class of individuals and for a specific purpose." Attention is directed to the use of the word, "public" in qualifying "institution of learning" and that the section exempts only bequests for the use of an institution for purposes only of public charity. It is upon these two propositions that the parties are at issue. We do not purpose to discuss these questions at great length because they have both been considered by the two courts which have passed upon them.

We are in accord with the judgment of the Common Pleas Court and the decision of Judge Cecil and might well conclude our opinion by adopting his decision.

It is urged that the court erred in relying upon the cases of **Little, Treas. v United Presbyterian Theological Seminary, 72 Oh St 417** and **Gerke v Purcell, 25 Oh St 229**, because both of them related to exemptions from general property tax wherein the burden of showing a right to collect the tax was upon the political subdivision claiming the benefit thereof.

We grant that a situation might arise where the burden of proof would be determinative in favor of the appellant but here the question is what is meant, as a matter of law, by the expression "purposes only of public charity". The statute which was under consideration in the above cited cases, 2732 R. S., employs the language, "in-

stitutions of purely public charity". The foregoing expressions are identical in meaning. So that, the cases are determinative of the questions presented under §5334 GC.

The Supreme Court considers similar phrases and comes to the conclusion which we reach in **Tax Commission v Bank & Trust Co., 117 Oh St 443, 450.**

**Gerke et v Purcell, 25 Oh St 229,** in the 4th and 5th propositions of the syllabus is dispositive of the query whether or not the Seminary in this case is an institution carried on for the purposes only of public charity.

#### 4th Syllabus.

"A charity, in a legal sense, includes not only gifts for the benefit of the poor, but endowments for ██ the advancement of learning, or institutions for the encouragement of science and art, without any particular reference to the poor."

#### 5th Syllabus.

"Schools established by private donations, and which are carried on for the benefit of the public, and not with a view to profit, are 'institutions of purely public charity' within the meaning of the provision of the constitution, which authorizes such institutions to be exempt from taxation."

Outside of Ohio the question has been considered in many jurisdictions. See People ex rel v Jessamine Withers Home (Ill.) and annotation thereto, 34 A. L. R. 628, wherein are cited many cases, the decisions in which are in accord with Gerke v Purcell, supra. Among them are, Philadelphia's Appeal (Pa.) 15 Atlantic 683 and other Pennsylvania cases wherein it is uniformly held "that a school or college founded and maintained by charitable donations and open to all without reference to race or creed, is a 'purely public charity' within the meaning of the tax exemption statute, even though

small tuition fees are charged those who are able to pay" and that,

"An incorporated college having no capital stock and not conducted for profit, founded and endowed by public and private charities, which is open to students without reference to race or religious belief, who, when able to pay are charged a nominal tuition, is a 'purely public charity'."

Tharpe, et al, against Central Georgia Council of Boy Scouts of America, 116 A. L. R., 373 and annotation, People v First National Bank of Chicago et, (Ill.) 108 A. L. R. 277 and annotation.

Appellant cites **Jones, Treas. v Conn, et, Trustees, 116 Oh St 1,** and **Tax Commission v Paxson, 118 Oh St 36.** In the former case the court had before it the question whether or not personal property belonging to an institution of public charity was exempt from taxation during a period that the property was invested and before the charity was being dispensed by the institution. The court held that in this situation the property was not exempt for the period of the investment. Obviously the question presented and decided is not at all parallel to the issue in this case. In Tax Commission v Paxson, supra, the court held that the succession to property was not exempt from inheritance tax where it represented a trust fund held by trustees and their successors for charitable purposes which clothed the trustees and their successors with the power to "be the sole judges as to the persons qualified and entitled to have the benefit of said funds, and the purposes for which said expenditures shall be made." The rationale of the opinion is that the trustees were empowered to employ the money for the use of a private charity as well as a public charity and therefore, did not come within the terms of the expressed provision of the exemption to institutions for "bequests for the use of an institution for purposes only of public charity."

The second question considered in reverse order of its appearance in the §5334 GC, is whether or not the Bone-

brake Theological Seminary is a "public institution of learning within this state". It appears that the site of the Seminary is the City of Dayton, Montgomery County, Ohio. Therefore it is within this state. It cannot be doubted that it is an institution of learning. So that we are remanded to the one question, namely, is it a public institution of learning. We believe this question must be answered in the affirmative. Certainly it is not maintained by the public, it is not open to the public in the sense that our common grade and high schools are open to the public but it is a public institution notwithstanding.

The institution is open to every person of good moral character who meets the scholastic requirements incident to admission. This classification is so general in purpose and so wide in scope as that it may be said to be public in its characterization. If its facilities were available only to certain and defined individuals, as is contended by the appellant, we would have a different question, but the facts must be resolved in favor of the conclusion that the benefits of the institution are to indefinite persons composing the public or some part of the public. This, in our judgment, meets the requisites of a public institution.

It is our conclusion that the Common Pleas Court did not err in its conclusion that Bonebrake Theological Seminary was exempt from the obligation to pay inheritance tax by virtue of two of the exemptions of §5334 GC.

Judgment affirmed.

GEIGER & BARNES, JJ., concur.