## McDONALD, Estate of, In re.

Probate Court, Hamilton County.

No. 202907.   Decided November 18, 1957.

William Saxbe, Atty. Genl., Gerald A. Donahue, Asst. Atty. Genl., for Department of Taxation of Ohio.

Harry B. Reese, for the executors of the estate of George McDonald, Deceased.

## OPINION

By DAVIES, J.:

This matter came before the Court upon exceptions filed by the

Department of Taxation of Ohio to a determination of the Court that a bequest valued at two hundred sixty-five thousand, seven hundred sixty-two dollars and thirty-eight cents ($265,762.38) under Item III of the Last Will and Testament of George McDonald, deceased, to The Walter A. and George McDonald Foundation, was exempt from the payment of an inheritance tax under the laws of Ohio.

George McDonald died, a resident of Cincinnati, Ohio, on December 24, 1955, survived by his widow, Jeanne McDonald, his sole heir at law In 1951, the decedent and his brother, Walter A. McDonald, executed a trust agreement whereby The Walter A. and George McDonald Foundation was established. Included in the trust agreement was a provision that three named trustees, and their successors in office, should hold, use, manage, administer, and dispose of all income, revenues, and profits derived from the trust estate exclusively "for the charitable, religious, scientific, and educational purposes, in the manner, and upon the terms and conditions" set forth in trust agreement.

The trust agreement also contained the following provision: "Without limiting or restraining in any manner or to any extent whatsoever the complete and absolute discretion which the Donors herein vest in the Trustees, the Donors request the Trustees to give careful consideration to the needs of those religious, charitable, scientific, and educational institutions in which the Donors by membership, association, or contribution, have manifested special interest, or to which the Donors may hereafter direct the attention of the Trustees."

The testator, in Item III of his Will, left the residue of his estate in trust with a provision that his wife should be paid all income from the trust for her life, and, upon her death, the corpus of the trust should be paid over to the trustees of the Walter A. and George McDonald Foundation to be "held, managed and expended in accordance with the provisions of the trust agreement creating said Foundation."

According to the joint federal income tax return filed by the decedent, George McDonald, and his wife, Jeanne McDonald, for the years 1951-1954, inclusive, these taxpayers expended a total of $22,823.41 for charitable purposes. The federal income tax returns of Walter A. McDonald, unmarried, for the years 1951-1956, inclusive, show that he expended a total of $184,784.99 for charitable purposes. Almost all of said contributions were made to charitable organizations located in Cincinnati, Ohio.

During the years 1952-1956, inclusive, the Walter A. and George McDonald Foundation expended $26,718.00. 85% of the total contributions made by the Foundation were made to charitable institutions in Ohio.

Sec. 5731.09 R. C., provides that "the succession to any property passing to or for the use of, - - - any public institution of learning or any public hospital not for profit, within this state, or institution of learning or any public hospital not for profit within any state of the United States, which state does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for

profit within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, - - - shall not be subject to §5731.02 R. C.," under which taxes are levied upon those successions to property which, under the law, are subject to the imposition of inheritance taxes.

Practically all of the contributions made by Jeanne McDonald and George McDonald, during his lifetime, and all of the contributions made by the Walter A. and George McDonald Foundation, were made to public institutions of learning, public hospitals not for profit, within Ohio, or institutions of learning or public hospitals not for profit within states which do not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by residents thereof to institutions of learning, or public hospitals not for profit within Ohio, and to or for the use of institutions for purposes only of public charity, carried on in whole or in a substantial part within Ohio.

The Department of Taxation does not deny that the Walter A. and George McDonald Foundation is an institution organized "for purposes only of public charity," but contends that the residuary bequest to the Foundation is not exempt from the imposition of an inheritance tax because there is no specific requirement in either the testator's will or in the McDonald Trust Agreement that the residuary bequest made to the Foundation be expended "for purposes only of public charity, carried on in whole or in a substantial part within" Ohio.

In the case of **Tax Commission of Ohio v. Paxson, Admr., et al., 118 Oh St 36**, Mary W. Millikan left $20,000.00 to trustees as a memorial to her father, Dr. John G. Wilson, from which fund "members of his profession may be compensated for alleviating the suffering of the unfortunate, needy, afflicted and thus rendering a service which he in his lifetime took great pleasure in rendering personally." The will provided that the trustees should be "the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made." The Court (p. 40) pointed out that the trustees, under the wide discretion given them, might pay the income to one beneficiary only, in which case the use of the beques would not be for public purposes only, and the trustees might also decide to pay the income wholly to a beneficiary or beneficiaries in Indiana, California, or Alaska, in which case the charity would not be "carried on in whole or in substantial part within this state." The Court held that the succession to such property was not exempt from the inheritance tax imposed under §5334 GC (now §5731.09 R. C.).

When a testatrix bequeathed a portion of her residuary estate to the American Bible Society, which was incorporated under the laws of New York, to publish and promote the general circulation of the Holy Scriptures throughout the United States and the world, the Court held that the bequest was taxable under the provisions of §5334 GC (now §5731.09 R. C.), because a charitable institution claiming exemption from the payment of inheritance taxes must prove that it is an institution for purposes only of public charity carried on in whole or in

a substantial part within Ohio, which the taxpayer was unable to do. **In re: Estate of Taylor: American Bible Society v. Department of Taxation of Ohio, 139 Oh St 417.**

In the Julian case (**In re: Estate of Julian, 93 Oh Ap 221**), the testatrix left money to the Archdiocese of Cincinnati, in the State of Ohio, "to be used for the support and furtherance of such charitable, benevolent, scientific and educational works and activities of said archdiocese as may be designated by said archbishop of Cincinnati." The Court pointed out that a contribution made at that time for religious purposes, or to a religious society, was not exempt from taxation. The Court stated that there was no question that, if the funds were to be used for benevolent, scientific, and educational purposes, the bequest would be exempt from inheritance tax, but reasoned that the word "charitable" included a **religious purpose,** and that, when the Archbishop was designated, and it was stated that the money was to be used for such **charitable,** benevolent, scientific, and educational works and activities of said Archdiocese as may be designated by said Archbishop of Cincinnati, it was intended by the testatrix that the Archbishop would use part of the money bequeathed for religious purposes. For that reason, the Court held that the bequest was taxable. At present, under the provisions of §5731.09 R. C., which became effective on August 30, 1957, a succession to any property passing to or for the use of any established religious organization, within Ohio, is exempt from the payment of an inheritance tax.

In the case of **Tax Commission v. American Humane Education Society, 42 Oh Ap 4,** a bequest was made to the American Humane Education Society, which was a charitable institution which spent one-forty-eighth of its expenditures in Ohio. The Court held that this bequest was exempt from taxation because such Ohio expenditures constituted a substantial part of its activities.

In a Franklin County, Ohio, case, the testator left a bequest to a bank, as trustee, for the erection and operation of an orphans' home in a rural section, but not stating specifically that it should be located in Ohio, and further providing that, if there were insufficient funds in the trust, the money should be turned over to the Methodist Children's Home of Columbus, Ohio, which "is rendering such services as I have outlined herein." The Methodist Children's Home carried on its charity within the state of Ohio. The Court held that impliedly, if not specifically, the testator contemplated that the charity he was establishing was to be carried out in Ohio, because he was a resident of Columbus, his trustee was a Columbus institution, and the name he selected for the charity would be meaningless if not carried out in Ohio (The Julia Hurst Cherrington Memorial Home, to be established and erected in or near Franklin County, Ohio, and in no event, be more than fifty miles from the City of Columbus). The Court held that a testamentary trust for the erection and operation of an orphans' home to be established in a rural section, but not stating specifically that it should be located in Ohio, is exempt from inheritance tax as a public charity under §5334 GC (now §5731.09 R. C.), **In re: Estate of Charles S. Cherrington, 31 O. O. 486, 43 Abs 289.**

In an interesting case originating in Hamilton County, Mary Emery devised property to the Thomas J. Emery Memorial. The question arose as to whether or not the Memorial was an institution organized for purposes only of public charity to be carried on in whole or substantial part in Ohio. The purpose of the association, incorporated prior to Mrs. Emery's death, was to bring about the physical, social, civic, and educational betterment on humanitarian lines of residents of the United States, and preferably those residing in the State of Ohio. Before her death, the Memorial received from Mrs. Emery $300,000.00, to be used in the construction of a new wing for the Cincinnati Art Museum. In her will, Mrs. Emery made a bequest to the Memorial, and the question arose as to whether or not the Memorial was an institution for purposes only of public charity carried on in whole or substantial part in Ohio. The Court held that, while the purpose clause of a non-profit corporation did not determine purpose of bequest thereto, it was material on the question of testatrix's intention, as regards the exemption of the bequest from an inheritance tax as a bequest to charity. The Court held that the Memorial was a public charity, and further stated that, when the testatrix provided in her will that the income therefrom should be used for the physical, social, civic, and educational betterment of residents of the United States, **preferably those in the State of Ohio**, on humanitarian lines, her preference was expressed for residents of the State of Ohio and was binding upon the trustees. **Tax Commission v. Livingood, Exr., 40 Oh Ap 543.**

In **Central National Bank of Cleveland v. Department of Taxation of Ohio, 162 Oh St 1**, it was held that where the residue of an estate was devised and bequeathed to a named trustee, and the income and principal thereof was to be distributed from time to time for "such public charitable or educational uses and purposes as will, in the absolute and uncontrolled discretion" of a specific distribution committee, "most effectively assist and promote the well being of the inhabitants, * * * regardless of race, color or creed," a trust so established is "an institution for purposes only of public charity," under the provisions of §5334 GC (§5731.09 R. C.). The Court pointed out that where discretion is given to a specific distribution committee to designate the beneficiaries of a testamentary charitable trust, having a named trustee and established under a will which incorporates by reference as a part thereof a trust agreement entered into by the testator during his lifetime and which provides that the distribution committee shall allocate, from time to time, at least 50 per cent of the income and principal to unnamed Ohio charities, and that not to exceed 50 per cent may be distributed to charities emanating from a specific point without the state, but such distribution not being required, such devise and bequest is a single succession for purposes only of public charity. The Court concluded that where such a testamentary charitable trust contains an overriding geographical limitation that at least 50 per cent of the trust funds must be used for public charitable activities carried on within the state of Ohio, the succession as to such trust is exempt from taxation under §5334 GC (§5731.09 R. C.), as being a succession "for purposes

only of public charity carried on in whole or in substantial part within this state."

A testator residing in Illinois made a bequest of $500,000.00 to the Farm Foundation, which was a national organization, "to aid in solving agricultural problems in the nation." The question was whether or not this money was to be expended within Illinois. The Court held it is a matter of common knowledge that the solution of farm problems is of great importance to the nation and that Illinois is one of the largest of the agricultural states, and that that which is of benefit to the farms of one state may equally be of benefit to the state of Illinois. The Court decided that the bequest was not taxable under Illinois law, on the ground that consideration must be given to the provisions of the trust instrument, the residence of the trustees, the residence, if any, of the beneficiaries, the location of the property, and the location where the purpose of the trust is to be carried on. The People v. First National Bank, 364 Ill. 262.

In Old Colony Trust Co. v. Commissioner of Corporations and Taxation, 331 Mass. 329, 119 N. E. (2d) 175, 182, the law exempted from the payment of inheritance taxes institutions whose purposes were literary, benevolent, charitable, or scientific. The Court stated that the test depends upon the language of the charter or articles of association and upon the objects which it serves and the methods of its administration. The Court also held that it is the character of the charitable institution on the date of the testator's death which determines whether the property is exempt from taxation.

In a recent Ohio case, Richard P. Bremer bequeathed nearly a million dollars to two named trustees to be used by them for the relief, benefit, medical care, and education of the poor and destitute and for the advancement of the sciences of medicine and surgery—the trustees to have full, sole, and unlimited discretion as to the disbursement of the trust estate, both principal and income, for said charitable purposes. The will further provided that the trustees could form a corporation to be known as "The Bremer Foundation." This corporation was not in existence at the time of the death of the testator, but was subsequently formed, and it provided that the charitable disbursements were to be made **principally in Ohio.** The will did not have any such provision. The Court reasoned that, under §5731.09 R. C., two factors had to be present before a bequest was relieved from taxation: (1) It must be "to or for the use of an institution for purposes only of public charity," and (2) It must be "carried on in whole or in a substantial part within this state." The Court held that the first test was met, because it was a public charity, but stated that the will had no geographical limitation whatsoever as to where the funds could be expended. The bequest was taxable, the Court stated, in that particular case, because the exemption or non-exemption of a succession must be determined solely by the terms of the will creating the succession, when an "institution" named in the will is not in existence at the time of the death of the testator. The Court concluded that "where a testator devised or bequeathed a gift to an 'institution' of public charity not in existence at the time of

the testator's death, without requiring that the benefits of such devise or bequest are to be used or enjoyed in whole or in substantial part in this state, the succession thereby created is not exempt from taxation under the provisions of §5731.09 R. C., regardless of the actual use of such benefits or the expressed intent as to such use of trustees or of the articles of a corporation created after the testator's death." **In re: Estate of Bremer, 166 Oh St 233.**

Coming finally to a consideration of the application of the law as recorded in the foregoing decisions to the facts in the instant case, we find that the testator and his brother, Walter A. McDonald, created The Walter A. and George McDonald Foundation for "charitable, religious, scientific, and educational purposes." The trustees of the Foundation had full power and authority to administer the assets of the Foundation, with, however, a request that the trustees "give careful consideration to the needs of those religious, charitable, scientific, and educational institutions in which the Donors by membership, association, or contribution, have manifested special interest, or to which the Donors may hereafter direct the attention of the Trustees." The Donors were lifelong residents of Cincinnati. Ohio; the Foundation was incorporated in Ohio; the trustees were residents of Cincinnati; and the testator, after the creation of the Foundation, "manifested special interest" in, and, primarily, made contributions to, institutions organized for purposes only of public charity, carried on within Ohio.

For these reasons, the Court finds that the bequest made by George McDonald to The Walter A. and George McDonald Foundation is exempt from the payment of an Ohio inheritance tax, and the exceptions of the Department of Taxation, therefore, will be overruled.